SEALED

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PATRICK J. QUINN,<br><br>Defendant | Criminal No. 19cr10467<br><br>Violations:<br><br>Counts One and Two: Theft of Government Money<br>(18 U.S.C. § 641)<br><br>Counts Three and Four: False Statements<br>(18 U.S.C. § 1001(a)(2))<br><br>Forfeiture Allegation:<br>(18 U.S.C. § 981(a)(1)(C) and<br>28 U.S.C. § 2461) |

INDICTMENT

COUNT ONE
Theft of Government Money
(18 U.S.C. § 641)

The Grand Jury charges:

From in or about January 2012, through in or about January 2019, in the District of Massachusetts, and elsewhere, the defendant,

PATRICK J. QUINN,

did, on a recurring basis, knowingly and willfully embezzle, steal, purloin, and convert to his use and the use of another, any money and thing of value of the United States and of any department and agency thereof, in a total amount greater than $1,000, namely, Department of Veterans Affairs Individual Unemployability benefits, having a value of approximately $98,940.46.

All in violation of Title 18, United States Code, Section 641.

## COUNT TWO
### Theft of Government Money
### (18 U.S.C. § 641)

The Grand Jury further charges:

From in or about January 2012, through in or about December 2019, in the District of Massachusetts, and elsewhere, the defendant,

### PATRICK J. QUINN,

did, on a recurring basis, knowingly and willfully embezzle, steal, purloin, and convert to his use and the use of another, any money and thing of value of the United States and of any department and agency thereof, in a total amount greater than $1,000, namely, Social Security Disability Insurance Benefits and Child's Insurance Benefits, having a value of approximately $324,735.40.

All in violation of Title 18, United States Code, Section 641.

## COUNT THREE
### False Statements
### (18 U.S.C. § 1001(a)(2))

The Grand Jury further charges:

On or about July 11, 2016, in the District of Massachusetts, and elsewhere, the defendant,

### PATRICK J. QUINN,

in a matter within the jurisdiction of the executive branch of the Government of the United States, did knowingly and willfully make materially false, fictitious, and fraudulent statements, to wit, he reported to the Department of Veterans Affairs that his service-connected disability had not improved and continued to prevent him from securing or following gainful employment, and that he had not been employed by others or self-employed during the past twelve months. The statement was false because, as QUINN then and there knew, he owned and operated Quinn Group Insurance, Inc. during the prior twelve-month period.

All in violation of Title 18, United States Code, Section 1001(a)(2).

## COUNT FOUR
### False Statements
### (18 U.S.C. § 1001(a)(2))

The Grand Jury further charges:

On or about May 5, 2018, in the District of Massachusetts, and elsewhere, the defendant,

### PATRICK J. QUINN,

in a matter within the jurisdiction of the executive branch of the Government of the United States, did knowingly and willfully make materially false, fictitious, and fraudulent statements, to wit, he reported to the Social Security Administration that he had not worked since May 2006 due to a medical disability. The statement was false because, as QUINN then and there knew, he owned and operated Quinn Group Insurance, Inc. since at least January 1, 2012.

All in violation of Title 18, United States Code, Section 1001(a)(2).

## FORFEITURE ALLEGATION
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

The Grand Jury further finds:

1. Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Section 641, set forth in Counts One and Two, the defendant,

PATRICK J. QUINN,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The property to be forfeited includes, but is not limited to, the following:

    a. At least $423,675.86 in United States currency, to be entered in the form of a forfeiture money judgment.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

    a. cannot be located upon the exercise of due diligence;
    b. has been transferred or sold to, or deposited with, a third party;
    c. has been placed beyond the jurisdiction of the Court;
    d. has been substantially diminished in value; or
    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

A TRUE BILL

*Laura Poropatich*
FOREPERSON

_____
KAREN B. BURZYCKI
SPECIAL ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: DECEMBER /2, 2019

Returned into the District Court by the Grand Jurors and filed.

_____ 12/12/19 3pm
DEPUTY CLERK